IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY MOZINGO,

                Petitioner,

v.                                Civil Action No. 5:07-CV-158
                                Criminal Action No. 5:05-CR-64-4
                                (JUDGE STAMP)

UNITED STATES OF AMERICA,

                Respondent.


**REPORT AND RECOMMENDATION**
**THAT §2255 MOTION BE DENIED AS TO GROUND ONE**

## I.  INTRODUCTION

On December 4, 2007, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  The Government was

ordered to answer petitioner's Motion Under 28 U.S.C. § 2255 on May 30, 2008.  On June 26,

2008, the Government filed its Response.  Petitioner then filed a Response to Defendant's

Motion and Motion for Summary Judgment Per FRCP 56(c).  The undersigned entered a Report

and Recommendation on September 8, 2008, recommending petitioner's § 2255 motion be

denied as to three grounds and setting an evidentiary hearing on ground one - the failure of

counsel to file an appeal.  An evidentiary hearing was held on November 14, 2008.  John J.

Pizzuti appeared on behalf of petitioner and Randolph J. Bernard appeared on behalf of the

government.  Testimony was taken by telephone from petitioner, Jeffrey Mozingo, and L.

Richard Walker, Esquire, petitioner's counsel in the underlying action.  Petitioner submitted a

Brief in Support of His Claim for Habeus Relief on November 21, 2008.  The United States

responded on November 26, 2008.

## II.  FINDINGS OF FACT

On April 12, 2006, petitioner signed a plea agreement by which he agreed to plead guilty to Count One of the Superseding Indictment charging him with Conspiracy to Possess with Intent to Distribute in Excess of 100 Kilograms of Marijuana, in violation of Title 21, United States Code, Section 846 and 841(b)(1)(B).  On April 14, 2006, the petitioner entered his plea in open court.  Petitioner was sentenced by Judge Stamp on December 4, 2006.

Mr. Walker testified that he discussed an appeal with petitioner and that he drafted a letter dated December 6, 2006 advising his client of his right to appeal.  Mr. Walker testified that the letter asked petitioner to call him by December 11, 2006.  There was no mention of the 10-day time period for filing an appeal, nor did it mention anything about an Anders brief.

Mr. Walker testified that petitioner received his December 6, 2006 letter.  Petitioner then called Mr. Walker's Wheeling, WV office on or about December 14, 2006 and spoke with Ms. Martin, Mr. Walker's legal assistant.  Petitioner told Ms. Martin that he wanted to discuss an appeal.  Mr. Walker testified that Ms. Martin immediately emailed him to inform him that petitioner wished to discuss the filing of an appeal.  Mr. Walker testified that petitioner did not instruct Ms. Martin to file an appeal.  Mr. Walker testified that he sent a second letter on December 14, 2006 in response to petitioner's phone conversation with Ms. Martin and because the two had not been in contact with one another since the day of sentencing.  Mr. Walker testified that the December 14, 2006 letter was an attempt by him to determine, definitively, whether petitioner wished to have an appeal filed on his behalf.  Petitioner testified that he never received the December 14, 2006 letter from Mr. Walker.

Mr. Walker testified that on December 15, 2006 he had a phone conversation with petitioner to discuss an appeal.  Mr. Walker testified that petitioner instructed him not to file an

appeal and that petitioner never contacted him thereafter changing his mind.  Mr. Walker

testified that sometime in May or June of 2007 petitioner contacted him and wanted him to

handle petitioner's habeus corpus petition.  Mr. Walker informed petitioner that the appointment

had terminated because there was no request for an appeal and that he couldn't handle the habeus

corpus petition.  Mr. Walker testified that petitioner never mentioned anything to him about his

failure to file an appeal.

Petitioner testified that he instructed Mr. Walker to file an appeal during the December

15, 2006 phone conversation.

Mr. Walker's testimony, on balance, was more credible than petitioner's testimony.  By a

preponderance of the evidence, I conclude that petitioner did not ask Mr. Walker to file an

appeal.

### III.  CONCLUSIONS OF LAW

When a criminal defendant instructs counsel to file an appeal and the appeal is not filed,

it is ineffective assistance of counsel per se - irrespective of the merits of the appeal.  Evitts v.

Lucey, 469 U.S. 387, 391-405 (1985).  The remedy is to vacate the original judgment and enter a

new judgment from which an appeal can be taken.  United States v. Peak, 992 F.2d 39, 42 (4th

Cir. 1993).

### IV.  RECOMMENDATION

I recommend petitioner's motion be denied as to the ground that petitioner instructed his

counsel to file an appeal.

Any party who appears pro se and any counsel of record, as applicable, may, within ten

(10) days from the date of this Report and Recommendation, file with the Clerk of Court an

original and two (2) copies of the written objections identifying the portions of the Report and

Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 2, 2008

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE