IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY MOZINGO,

    Petitioner,

v.                                Civil Action No. 5:07CV158
                                 (Criminal Action No. 5:05CR64-04)
UNITED STATES OF AMERICA,             (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
DISMISSING AS MOOT AUGUST 8, 2008 REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
AFFIRMING AND ADOPTING SEPTEMBER 8, 2008 REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
AFFIRMING AND ADOPTING DECEMBER 2, 2008 REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Jeffrey Mozingo, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody, asserting that he received ineffective assistance of counsel. As a result of an order directing the respondent to answer, the respondent filed a response to the petitioner's § 2255 petition to which the petitioner replied and filed a motion for summary judgment.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. On September 8, 2008, Magistrate Judge Seibert issued a report and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

recommendation recommending that the petitioner's § 2255 petition be denied as to all grounds, except as to petitioner's argument that he received ineffective assistance of counsel because his attorney did not file an appeal of his sentence, as requested by the petitioner.[2]  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  The petitioner filed objections.

On November 14, 2008, the magistrate judge held an evidentiary hearing on the allegation that counsel failed to file an appeal as directed by the petitioner.  The petitioner was represented at this evidentiary hearing by John J. Pizzuti, Esquire.  At this hearing, testimony was heard from both the petitioner and his former counsel, L. Richard Walker, Esquire.  Thereafter, on December 2, 2008, Magistrate Judge Seibert issued a second report and recommendation recommending that the petitioner's § 2255 motion be denied as to the ground that petitioner instructed his counsel to file an appeal.  Again, the magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies

---

[2]The magistrate judge entered an initial report and recommendation in this matter on August 8, 2008.  However, on September 8, 2008, the magistrate judge then issued an amended report and recommendation for the sole purpose to correct his disposition of the petitioner's motion for summary judgment. Accordingly, the magistrate judge's August 8, 2008 report and recommendation is hereby dismissed as moot.

of the report. The petitioner filed timely objections to the report and recommendation.

For the reasons set forth below, this Court finds that both the September 8, 2008 report and recommendation, as well as the magistrate judge's December 2, 2008 report and recommendation, should be affirmed and adopted in their entirety, that the petitioner's motion for summary judgment should be denied, and that the petitioner's § 2255 motion to vacate, set aside, or correct sentence should be denied and dismissed.

## II. Facts

On April 14, 2006, the petitioner plead guilty in the Northern District of West Virginia to one count of conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The petitioner was sentenced on December 4, 2006, to 51 months imprisonment to be followed by four years of supervised release.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections to both the magistrate judge's September 8, 2008 report

3

and recommendation, as well as the magistrate judge's December 2, 2008 report and recommendation, this Court will undertake a <u>de novo</u> review as to those portions of the reports and recommendations to which objections were made.

IV. <u>Discussion</u>

The petitioner contends in his § 2255 petition that he received ineffective assistance of counsel because his attorney failed to (1) file a notice of appeal when instructed to do so; (2) object to the presentence investigation report's recommendation of a two-level enhancement for possession of a dangerous weapon during the offense; (3) object to the court not reducing his sentence to 24 months per the plea agreement for substantial assistance; and (4) object to the petitioner not receiving the full three-point reduction for acceptance of responsibility.

A. <u>September 8, 2008 Report and Recommendation: Grounds Two, Three, and Four of § 2255 Petition</u>

Upon review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 application be denied, with the exception of an evidentiary hearing to determine whether the petitioner requested his attorney to file an appeal and whether counsel ignored or refused instructions. The petitioner filed objections.

Based upon a <u>de novo</u> review, this Court agrees with the magistrate judge's September 8, 2008 report and recommendation and thereby overrules the petitioner's objections. In Ground Two of

4

his petition, the petitioner claims that his counsel rendered ineffective assistance by failing to object to the presentence investigation report's recommendation of a two-level enhancement for possession of a dangerous weapon during the offense. This claim is factually inaccurate. Rather, counsel did object on this precise issue at the sentencing hearing, a fact that even the petitioner concedes in his reply brief. (Statement of Reasons for Sentence, Def.'s Objection No. 2, Docket No. 193, at 5).

Similarly, in Ground Three, the petitioner argues that his counsel was ineffective because he failed to object to the court not reducing his sentence to 24 months per the plea agreement for substantial assistance. Again, this Court finds that counsel did object on this issue at the sentencing hearing. (Statement of Reasons for Sentence, Def.'s Objection No. 7, Docket No. 193, at 6). Moreover, the petitioner, in his reply, quotes his counsel arguing for the substantial assistance reduction.

Finally, the petitioner argues in Ground Four of his petition that his counsel rendered ineffective assistance by failing to object to the petitioner not receiving the full three-point reduction for acceptance of responsibility. Such a claim is, once again, factually inaccurate. The petitioner's counsel did object concerning this exact issue at the sentencing hearing. (Statement of Reasons for Sentence, Def.'s Objection No. 8, Docket No. 193, at 7.) The petitioner even cites in his reply those sections of the sentencing transcript where counsel argued this issue.

Accordingly, for these reasons, this Court must affirm and adopt the magistrate judge's September 8, 2008 report and recommendation denying Grounds Two, Three, and Four of the petitioner's § 2255 petition.

B. December 2, 2008 Report and Recommendation: Ground Four of § 2255 Petition

In his December 2, 2008 report and recommendation, the magistrate judge recommended that the petitioner's § 2255 motion be denied as to the ground that the petitioner instructed his counsel to file an appeal. The petitioner filed timely objections.

Failure by a criminal defense attorney to file a notice of appeal when a client requests such action results in a deprivation of the defendant's Sixth Amendment right to the assistance of counsel irrespective of the likelihood of success on appeal. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).

In this case, the petitioner contends that his former counsel, L. Richard Walker ("Mr. Walker"), was ineffective by failing to file an appeal pursuant to his alleged request. Specifically, the petitioner testified that he instructed Mr. Walker to file an appeal during a December 15, 2006 phone conversation.

Contrary to the petitioner's testimony, Mr. Walker testified at the evidentiary hearing that the petitioner never asked him to

file an appeal. Rather, Mr. Walker testified that he discussed an appeal with the petitioner and drafted a letter dated December 6, 2006, advising the petitioner of his right to appeal. Further, the petitioner called Mr. Walker's office on or about December 14, 2006, and told Mr. Walker's legal assistant that he wanted to discuss an appeal, but did not instruct the legal assistant to file an appeal on his behalf. Mr. Walker testified that he sent a second letter to the petitioner on December 14, 2006, in response to the petitioner's phone call and in an attempt to determine whether the petitioner wished to file an appeal.[3] Mr. Walker then testified that he had a phone conversation with the petitioner on December 15, 2006, in which the petitioner instructed him not to file an appeal, and that the petitioner never contacted him thereafter to change his mind. Mr. Walker did testify, however, that sometime in May or June 2007, the petitioner contacted Mr. Walker asking him to handle the petitioner's habeas corpus petition.[4]

This Court has conducted a de novo review and concludes that Mr. Walker was not ineffective for failing to file a notice of appeal. In light of the testimony given by the petitioner and Mr. Walker, this Court finds that Mr. Walker is a more credible witness. Moreover, the fact that the petitioner asked Mr. Walker

---

[3] The petitioner testified that he never received this letter.

[4] Mr. Walker informed the petitioner that he could not handle the habeas corpus petition because his appointment as counsel had been terminated.

7

to represent him on his habeas corpus petition now makes his testimony that Mr. Walker ignored his request to file an appeal highly suspect. Accordingly, the petitioner's claim that Mr. Walker was ineffective for failing to file a notice of appeal must be denied.

## V. Conclusion

Based upon a de novo review, this Court finds that the September 8, 2008 and December 2, 2008 reports and recommendations of the magistrate judge should be, and are hereby, AFFIRMED and ADOPTED in their entirety. Accordingly, for the reasons set forth above, the petitioner's motion for summary judgment is DENIED, and the petitioner's § 2255 petition is DENIED WITH PREJUDICE. Furthermore, the magistrate judge's August 8, 2008 report and recommendation is DISMISSED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If

this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE